OPINION
Plaintiff-Appellant, Wiley Layne ("Appellant"), brings this appeal from a judgment issued by the Marion County Court of Common Pleas granting the Motions to Dismiss of Defendants-Appellees, Ohio Adult Parole Authority ("APA"), Ohio Department of Rehabilitation and Corrections ("ODRC"), and the Prosecuting Attorney of Marion County ("Prosecuting Attorney") (hereinafter collectively referred to as "Appellees"). For the reasons that follow, we affirm the trial court's judgment.
Appellant was indicted on or about December 7, 1988, by the grand jury of Marion County, Ohio on two counts of having a weapon while under disability, a felony of the fourth degree, with a specification of a prior offense of violence, one count of kidnapping, an aggravated felony of the first degree, with a specification of a prior aggravated felony, and one count of abduction, an aggravated felony of the third degree, with a specification of a prior aggravated felony.
Pursuant to plea agreement, entered into on January 3, 1989, Appellant pled guilty to both counts of having a weapon under disability, and was given a one-year sentence for each count. Appellant also pled guilty to the abduction count and was sentenced to an indefinite term of a minimum of two years to a maximum of ten years. The above sentences were ordered to be served concurrently. The trial court entered judgment on Appellant's conviction and sentence.
On or about February 27, 1990, the Parole Board conducted a parole eligibility hearing, and it was determined that granting Appellant parole would neither further the interest of justice nor be consistent with the welfare and security of society. As such, Appellant was denied parole, and has been denied parole each subsequent time he was seen by the Parole Board.
On March 1, 1998, the APA issued revised parole guidelines in order to ensure consistent, fair, and equitable decisions in determining the amount of time an offender must serve, without removing the opportunity for case-by-case consideration. Soon thereafter, on September 3, 1998, Appellant went before the Parole Board, and, pursuant to this revised system, the Parole Board placed Appellant under the kidnapping category with a risk score that called for him to serve 150-210 months. Appellant argues that he pled guilty to abduction and therefore should have been placed under the abduction category, which, due to a lower risk score, called for him to serve 60-84 months. Appellant's current expected release date is October 16, 2002.
Appellant commenced an action on August 31, 2000, seeking to have the trial court declare unconstitutional certain practices and procedures of the APA, which were instituted during Appellant's parole hearings. Appellant also challenged the procedures used to determine parole eligibility on the grounds that they are carried out in violation of the United States Constitution and Ohio State Constitution. Appellant also sought a declaration that the APA breached the aforementioned plea agreement by considering the true nature of Appellant's crime, rather than the lesser offense to which he pled, when he was considered for possible parole release. Appellant finally asked the court to require Appellees to apply eight months of good time credit to reduce Appellant's maximum sentence.
On September 18, 2000, the Prosecuting Attorney filed his motion to dismiss, and on October 4, 2000, the APA and ODRC filed their motions to dismiss. The trial court granted Appellees' motions to dismiss on January 3, 2001. This appeal follows.
Appellant presents the following as his assignments of error on appeal:
Assignment of Error 1
 The trial court erred in granting Appellees' motion to dismiss.
Assignment of Error 2
 The trial court erred when it failed to find that the Ohio Adult Parole Authority is bound by the Appellant's plea agreement.
 As these two assignments of error both focus on Appellant's argument that the APA is bound by the plea agreement, they will be considered together for purposes of brevity and clarity.
Appellant argues that the trial court erred by dismissing his complaint for declaratory judgment and injunctive relief. Appellant claims that there is a real controversy between the parties concerning Appellant's plea agreement with the State of Ohio and APA's application of the new guidelines implemented on March 1, 1998, because, Appellant suggests, the State of Ohio and APA were bound by Appellant's plea agreement, and they breached this agreement by denying Appellant the benefit of the reduction in the offense charged. We disagree.
In State v. Shaner (July 27, 2000), Logan App. Nos. 8-99-16, 8-99-17, unreported, this Court dealt with a case involving an alleged breach of a plea agreement by the APA. In Shaner, the defendant (Shaner) entered into a plea agreement with the State on May 30, 1990, for which he received a two-year prison term and a five- to fifteen-year prison term to be served consecutively. Id. Pursuant to the revised APA practices and procedures, as modified March 3, 1998, Shaner was subjected to the categorization/risk score placement. Id. As a result of Shaner's placement score, the APA determined that he would be eligible for parole after serving 150 months in prison, which was longer than the sentence imposed by the trial court. Id. Shaner, like Appellant herein, argued that the APA was punishing him for offenses that he was not convicted of, in violation of the plea agreement. Id.
We first noted that the APA is not limited by the plea agreement in determining an offender's eligibility for parole, as Ohio Administrative Code 5120:1-1-07 governs the factors that shall and may be considered by the APA. Id. In concluding that the APA had not breached Shaner's plea agreement, we stated:
 Although Appellant equates the actions of the APA in evaluating parole eligibility with criminal charges in violation of his parole agreement, this is not the case. The fact remains clear that the State satisfied its agreement on June 4, 1990 when the conviction and sentence were journalized. What the APA did pursuant to its internal guidelines after that date does not affect the original plea agreement. Id.
 In the present case, which is similar to Shaner, Appellant has argued that the APA, acting as an arm of the State of Ohio, has breached the terms of his contractual plea agreement, resulting in additional prison time, not part of that plea agreement. However, as noted in Shaner, the APA is not bound by the plea agreement in determining Appellant's eligibility for parole. The State satisfied its requirements under the agreement on the date the trial court journalized Appellant's conviction and sentence, and the APA's actions pursuant to its internal guidelines after that date do not affect the original agreement. As such, the trial court did not err in granting Appellees' motion to dismiss.
Accordingly, Appellant's first and second assignments of error are not well taken and are therefore overruled.
Assignment of Error 3
 The trial court erred when it failed to find that the Appellees unlawfully eliminated Appellant's earned good time credit, requiring him to serve more time than required by law.
 Appellant argues that the trial court misinterpreted "good time" credit pursuant to R.C. 2967.19. As a result, Appellant claims that he is entitled to "good time" credit for the full ten years served, which would result in a three-year credit. We disagree.
R.C. 2967.19, which was in effect at the time of Appellant's sentencing, states, in relevant part:
 (A) Except as provided in division (F) of this section, a person confined in a state correctional institution is entitled to a deduction from his minimum or definite sentence of thirty per cent of the sentence, prorated for each month of the sentence during which he faithfully has observed the rules of the institution. Any deduction earned under this division shall be credited to the person pursuant to division (E) of this section.
 * * *
 (F) A person who is confined in a state correctional institution shall not have his minimum or definite term diminished pursuant to any statute or rule other than this section and sections 2967.193 or 5145.11 of the Revised Code. Emphasis added.
 This Court addressed "good time" credit under R.C. 2967.19
in Elkins v. Holland (March 23, 1995), Allen App. No. 1-94-83, unreported.
In Elkins, the appellant (Elkins) was sentenced to an indefinite term of a minimum of three years to a maximum of five years. Id. Twice during Elkin's imprisonment, his applications for parole were reviewed by the Parole board, which determined that he was not a candidate for early release, and that he should serve the maximum five-year term to which he was sentenced. Id. Elkins argued that, even if the Parole Board correctly determined that he should serve the maximum five-year sentence, his accrued "good time" should have been applied to reduce the maximum term of his sentence. Id.
We held that Elkins incorrectly asserted that all accrued good time, if not subtracted from his minimum sentence, must be subtracted from his maximum sentence, as R.C. 2967.19 clearly provides that a prisoner's "good time" is a deduction only from his minimum or definite sentence.Id.; R.C. 2967.19(A). We further held that this result was the clear intent of the legislature, as demonstrated by the Committee Comment to House bill 511, codified at R.C. 2967.19:
 This section retains existing formulae for determining the number of days by which a prisoner in the penitentiary is entitled, by virtue of his good behavior, to have his minimum sentence reduced and his date for parole consideration accordingly advanced. Elkins, supra.
 In the present case, pursuant to Elkins, Appellant has incorrectly asserted that all of his accrued "good time" must be subtracted from his maximum sentence. R.C. 2967.19, and the legislative comments therewith, clearly provide that Appellant's accrued "good time" was reduced from his two-year minimum sentence and not from his ten-year maximum sentence, so that his parole consideration could be advanced accordingly. As such, the trial court did not err in failing to find that Appellees unlawfully eliminated Appellant's "good time" credit.
Accordingly, Appellant's third assignment of error is not well taken and is therefore overruled.
Having found no error prejudicial to the Appellant herein, in the particulars assigned and argued, the judgment of the trial court is hereby affirmed.
 _________________ WALTERS, P.J.
 HADLEY and BRYANT, JJ., concur.